

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMB:AK
F.#2006R01761

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 6, 2012

**By Hand and ECF**

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Ramanan Mylvaganam
           Criminal Docket No. 06-616 (S-3)(ENV)

Dear Judge Dearie:

      The government submits this letter to address the elements of a violation of Title 18, United States Code, Section 2339B in connection with the plea scheduled for February 8, 2012 at 11:30 a.m. in the above-referenced case.

1. Background

      The defendant is charged with violating Section 2339B by conspiring to provide material support to the Liberation Tigers of Tamil Eelam ("LTTE").  Section 2339B provides, in relevant part, that:

> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 15 years, or both.... To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), or that the organization has engaged or engages in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

2.  <u>Elements of the Offense</u>

Generally, the elements of this crime are that (1) the defendant conspired to provide material support or resources; (2) the defendant conspired to provide this support or resources to a foreign terrorist organization, specifically the LTTE; (3) the defendant did so knowingly and intentionally; and (4) one of the jurisdictional requirements is satisfied.  See 18 U.S.C. § 2339B; <u>United States v. Farhane</u>, 634 F.3d 127, 134 (2d Cir. 2011); <u>see also</u> charge of the Hon. John Gleeson in <u>United States v. Kaziu</u>, E.D.N.Y., 09-CR-660 (JG).

For the third element to be satisfied, the government must prove the defendant knew that (1) the LTTE had been designated by the Secretary of State as a "foreign terrorist organization"; or (2) the LTTE engaged in "terrorist activity"; or (3) the LTTE engaged in "terrorism."  See 18 U.S.C. 2339B; <u>Farhane</u>, 634 F.3d at 135; <u>United States v. Ahmed</u>, 2011 WL 5041456, at *2 (S.D.N.Y. Oct. 21, 2011)(Castel, J.); <u>United States v. Kassir</u>, 2009 WL 2913651, at *7 (S.D.N.Y. Sept. 11, 2009) (Keenan, J.).  The LTTE has been designated by the United States Secretary of State as a "foreign terrorist organization" since October 1997, pursuant to Section 219 of the Immigration and Nationality Act.  "Terrorist activity" is defined as "any activity which is unlawful under the laws of the place where it is committed and which involves an assassination or the use of any explosive, firearm, or other weapon or dangerous device with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property, or a threat, attempt, or conspiracy to do any of the foregoing."  <u>United States v. Aref</u>, 2007 WL 603508, *15 (N.D.N.Y.) (Feb. 22, 2007); 8 U.S.C. § 1182(a)(3)(B)(iii)(IV), (V)(b), (VI).  "Terrorism" is defined as "premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents."  <u>Aref</u>, 2007 WL 603508, *15; 22 U.S.C. § 2656f(d)(2).

For the fourth element to be satisfied, the government must prove that (1) the defendant is a national of the United States; or (2) the offense occurred in whole or in part within the United States; or (3) the offense affected interstate or foreign commerce.  See 18 U.S.C. 2339B(d).

Here, the government would prove at trial that in or about and between September 2004 and April 2006, the defendant knowingly and intentionally conspired to provide material support to the LTTE.  Specifically, the government would prove that the defendant and an indicted co-conspirator, Suresh Sriskandarajah,

conspired to purchase approximately $22,000 of submarine design software from a company in the United Kingdom, and also conspired to purchase night vision equipment from a company in British Columbia, Canada, knowing and intending that these items would be provided to the LTTE.  Furthermore, the government would prove that the defendant knew that the LTTE engaged in terrorist activity and terrorism.  Finally, the government would prove that the offense occurred in whole or in part while the defendant resided in Washington State.

   3.   <u>Venue</u>

On August 18, 2011, the defendant filed a motion to dismiss the superseding indictment, alleging that the government lacked venue to charge the defendant in the Eastern District of New York.  On September 8, 2011, the government filed a memorandum in opposition to the defendant's motion.  Additionally, on November 2, 2011, a grand jury in the Western District of Washington returned an indictment charging the defendant with a violation of Title 18, United States Code, Section 2339B, that is substantively identical to the charge pending in the Eastern District of New York.  On December 13, 2011, the defendant filed a motion to withdraw his motion to dismiss the superseding indictment, which motion to withdraw was granted by Your Honor later that day.

At this time, the defendant has confirmed that he intends to plead guilty before Your Honor to the single count with which he is charged in the above-captioned superseding indictment, absent a plea agreement, and he further intends, at the time of his plea, to waive on the record the requirement that the government prove venue in the Eastern District of New York.

The government will supplement this submission, at the Court's request, if any additional information would be helpful in connection with the scheduled plea.

                         Respectfully submitted,

                         LORETTA E. LYNCH
                         United States Attorney

            By:        /s/
                         Ali Kazemi
                         Assistant U.S. Attorney
                         (718) 254-6171

cc:  Jerry Fong, Esq. (via ECF and email)